|117   187|
|138   ι623|

## PEOPLE *v.* BACON.

1. Intoxicating Liquors—Keeping Place for Sale—Intent.
   The intent is no ingredient of the offense of keeping a place
   where intoxicating liquors are sold, stored for sale, given
   away, or furnished, in violation of the local option law.

2. Same—Instructions—Harmless Error.
   Upon a prosecution for keeping a place for the sale of in
   toxicating liquor in violation of the local option law, the
   giving of an instruction, not based on the evidence, to the
   effect that the posting of a revenue receipt is in such cases
   *prima facie* evidence of guilt, is not reversible error, if the
   probability of the jury's having been misled thereby is re-
   moved by further instructions given at the request of the
   respondent.

Exceptions before judgment from Van Buren; Buck, J.
Submitted January 28, 1898.   Decided May 24, 1898.

John Bacon was convicted of violating the local option
law.   Conviction affirmed.

Respondent was convicted of keeping a place where in-
toxicating liquors were sold, given away, or furnished,
contrary to the local option law in force in Van Buren
county.   The place is described in the information as "a
certain room on the ground floor of a certain building
known as and called the 'Bacon Carpenter Shop,' situate
on the south side of Main street in the village of Grand
Junction."   The evidence on the part of the people tended
to show that on one occasion he had a bottle of whisky
in his shop, and gave drinks to one Bush and one Moter;
that respondent wanted Bush to swear that it was root
beer; that on another occasion a bottle of whisky and
a glass were on the bench; that on another occasion a
bottle of whisky or brandy and a glass were there; and
that on still another occasion he had a jug of whisky, and

gave one Rooker two or three drinks and a bottle of whisky. Some of these parties were boys, and became intoxicated, one being found by his father in a state of helpless intoxication, and carried home by him. There was no direct testimony that respondent received pay for this liquor.

*Hammond & Hammond* (*T. J. Cavanaugh*, of counsel), for appellant.

*Fred A. Maynard*, Attorney General, and *James E. Chandler*, Prosecuting Attorney, for the people.

GRANT, C. J. (*after stating the facts*). The statute makes it "unlawful for any person * * * to keep a saloon or any other place where any such liquors are manufactured, sold, stored for sale, given away, or furnished," etc. 3 How. Stat. § 2283*a*. The case was submitted to the jury upon the theory that, if they should find the facts as stated in the testimony on behalf of the people, the respondent was guilty, but, if they should find them as stated in the testimony on behalf of the respondent, they should acquit. Two questions are raised which it is of importance to discuss.

1. It is urged that the court should, as requested, have instructed the jury that they must find an intent on the part of the respondent to violate the law, in order to convict him of the offense. This is not a case where the intent is an ingredient of the offense. If the facts proven justify the conclusion that he kept and furnished liquors in his shop for others who might come there to drink, the offense was complete, and the intent was immaterial.

2. The court, in instructing the jury, stated to them that the law provided that "proof of a single sale of any one or more of the liquors or beverages mentioned in this act, or of the posting in any distillery, brewery, saloon, or other place of business of a United States revenue receipt permitting the manufacture or sale, * * * shall be presumptive evidence," etc. This is urged as error, be-

cause there was no positive proof of a sale, and no proof whatever of the posting of the notice mentioned. We must concede to a jury a fair degree of intelligence; and to hold that they were misled into believing that there was evidence of posting such notice, and based their verdict upon that, would be a reproach to their intelligence. It is a fair inference from the requests of counsel, as shown by the record, that it was contended by the people that the respondent was guilty of a sale, and that he was not so disinterested a lover of his fellows as to furnish them liquor for nothing. We are not prepared to say that such an inference may not be drawn from the evidence. But, be this as it may, we think that the instructions given to the jury at the request of respondent remove all probability that the jury were misled by the instructions complained of. These instructions are as follows:

"You are instructed that, in order to convict the respondent, you must be satisfied from the evidence, beyond a reasonable doubt, that between the said dates the respondent not only kept a place on the ground floor of said building in Grand Junction, but that he kept it for the purpose of selling, giving away, or furnishing intoxicating liquors.

"If it should appear to you from the evidence that the respondent at times had kept in his possession intoxicating liquors, purchased by him for his own use, and that on one or more occasions a party or parties helped themselves to such liquor while the respondent was intoxicated to such an extent that he was not aware and did not know what was going on, then, under those circumstances, respondent would not be guilty of any offense, and, if the evidence in the case shows no more than this, then your verdict must be 'Not guilty.' * * * It is provided by the local option law that proof of a single sale of liquor at the time and place alleged in the information shall be *prima facie* evidence of the keeping of a place where liquors are sold and kept for sale. That does not mean that proof of one or more illicit gifts is sufficient to warrant you in finding beyond a reasonable doubt that the respondent kept a place for the sale of intoxicating liquors, as alleged in the information, if, under all the facts and circumstances in the case, you are not satisfied beyond a

reasonable doubt that he did keep a place for the illegal selling of liquors. And, if you are not so satisfied, then, notwithstanding you may find it to be proved that the respondent did on one or two occasions give away liquor, you would not be at liberty to find him guilty. The law provides that proof of a single sale within the time covered by the information shall be presumptive evidence that the respondent did keep a place where intoxicating liquor was sold or kept for sale. You should not understand, however, that such proof is conclusive evidence thereof. And if, in view of all the other facts and circumstances in the case, you are not satisfied beyond a reasonable doubt that the respondent, between the dates alleged in the information, kept a place as charged therein, for the sale, giving away, or furnishing of liquor, then you should acquit."

Error is assigned upon the refusal to give certain other requests. We think they are sufficiently covered by the oral charge.

Conviction affirmed.

The other Justices concurred.